DELAWARE TRUST COMPANY, a corporation existing under the laws of the State of Delaware, Trustee of the last Will and Testament of Annie Rogers duPont, late of New Castle County, deceased,

*vs.*

GEORGE ZINN, JR.

*New Castle, Feb.* 10, 1930.

*James H. Hughes, Jr.*, of the firm of Ward & Gray, for complainant.

*William S. Potter*, for defendant.

THE CHANCELLOR. Theodore Rogers, the father of Annie Rogers duPont, created a testamentary trust, the subject of which consisted of real and personal property having an estimated value of $257,230.64. The terms of the trust directed the payment of the income to his daughter (Mrs. duPont) for life, and provided that the corpus should be disposed of in such manner as she should by an instrument in the nature of a last will and testament direct and appoint, and in default of such appointment to be otherwise disposed of.

Mrs. duPont died January 22, 1927, leaving a last will and testament by which she, *inter alia*, undertook to direct and appoint the disposition of the corpus of the trust estate so created by her father. Her language in this regard was as follows:

"Fourth: All of the property and estate of every kind which by the Will of my father, Theodore Rogers, deceased, I have the power to dispose of by my Will, I hereby give and devise, without coercion and as my own voluntary act and in the exercise of such power, to the Delaware Trust Company, a corporation of the State of Delaware (hereinafter called Trustee), and its successors and assigns, in trust, however, for the following purposes, (this trust to be known as the Rogers Trust), namely:

"(A) I direct that the said property and estate comprising the said Rogers Trust shall be divided into three equal parts and that one of the said parts be held and disposed of as hereinafter mentioned for the benefit of each of my three children, George Zinn, William duPont, Jr., and Marion duPont Somerville, if they be living at my death; and if they or any of them die in my lifetime, leaving issue living at my death, the share or shares which would have been held and disposed of for the benefit of the child or children so dying shall be held and disposed of as hereinafter provided for the benefit of such issue; and if any of my said children die in my lifetime without issue living at my death, then the share or shares which would have been held and disposed of for such child or children so dying without issue living at my death shall be held and disposed of for the benefit of my other child or children living at my death.

"(B) Each of said parts shall be held and disposed of by the Trustee

in the following manner, namely: to pay in semi-annual installments the net income from one of said parts to each of my said children for the period of twenty-one years from my death if they so long live, and at the termination of said period to convey, transfer and pay to such child the portion of the said trust property held in trust for him or her; provided, however, that if any of my children who survive me die within said period of twenty-one years from my death, leaving issue then living, then and in that case to distribute, transfer and pay to such issue (my grandchild or grandchildren), in equal shares if more than one, the portion which their parent would have taken if living at the expiration of said period."

All three of the children named in the quoted item survived her. One of them, George Zinn, died about two years after his mother, leaving as his sole issue, George Zinn, Jr., the defendant in this cause.

Two questions are presented by the bill upon which the Trustee desires to be instructed. These and the court's answer to them are as follows:

First. In the fourth paragraph of her will, by which the testatrix undertook to exercise the power of appointment over the Rogers Trust, did she intend an equal third part of the trust fund to be held for each of her three children and their respective issue, or did she intend only one part to be held for the three jointly?

The answer to this question seems to me to be plain. If only one part was to be held for all three, it follows that the other two parts into which she directed the corpus to be divided remained undisposed of by her. This result certainly could not have been intended by her, because her language at its outset expressly indicates an appointment under the power of *"all* the property and estate of every kind" subject to it. The trustee for the children receives and is to hold in the trust all of the appointive estate. If all three children are to benefit as a group from only one-third of it, why was their trustee given the entire three-thirds? If any ambiguity lurks in the words—"one of the said parts to be held * * * for the benefit of each of my three children"—by reason whereof the idea may arise that only one share goes for the benefit of all the children instead of one share for each, the question just asked strongly resolves the doubt in favor of one-third for each. The later provisions of the item

serve to clinch this conclusion, for by those provisions each of the three parts is to be held by the trustee and the income from one of them is to be paid to each child for the period of twenty-one years at the end of which time such child is to receive the portion held in trust for him, which must mean the portion (a third) upon which he has been receiving the annual income over the twenty-one year period. The word "each" when used in the first connection has the same distributive effect as it appears clearly to have when used in its second and last connection.

Accordingly, upon the first question, the trustee will be instructed that the Rogers appointive estate is to be held for the children upon the trusts specified upon the basis of an equal third part for each child.

Second. This question has to do with whether George Zinn, Jr., the defendant, is entitled to have the share given to his father, who has died within the twenty-one year period, paid over to him immediately, or must he await the lapse of the twenty-one year period. In answer to this question, the decree will direct an immediate payment. The language of the will admits of no other answer. Its language is—"provided, however, that if any of my children who survive me die within said period of twenty-one years from my death, leaving issue then living, then and in that case to distribute, transfer and pay to such issue (my grandchild or grandchildren), in equal shares if more than one, the portion which their parent would have taken if living at the expiration of said period." The word "then" coupled with an absence of any direction concerning either the payment or accumulation of income during the remainder of the twenty-one year period, indicates that in case any child dies before that period elapses, the corpus is payable immediately to such child's living issue. The reference at the end of the provision to "the portion which their parent would have taken if living at the expiration of said period," throws no light on the question of the time of distribution. Its sole office is to indicate the quantum of what a child's issue is to receive.

It may be unreasonable for the testatrix to have withheld from her children their respective possession of the corpus for twenty-one years after her death, allowing to them in that

interval only the income, and at the same time to have made it possible for her grandchildren to possess the corpus at an earlier date. But such appears to be the only meaning that is attributable to her language. Her wish, not being contrary to law, constitutes the law of the case.

Decree accordingly.